UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN HUDGINS,

                    Petitioner,                Case No. 2:18-cv-10624
                                              Hon. Victoria A. Roberts

v.

J.A. TERRIS,

                    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

Federal prisoner Marvin Hudgins, ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, brings this action under 28 U.S.C. § 2241. Petitioner was convicted in 2012 in the Eastern District of Michigan of being a felon in possession of a firearm. 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced to 180 months' imprisonment. Petitioner asserts that he is actually innocent of being a career offender in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and that his sentence was therefore erroneously enhanced. For the reasons that follow, the Court denies the petition.

**I. Background**

The Sixth Circuit affirmed Petitioner's conviction on direct appeal. *United States v. Hudgins*, 557 F. App'x. 507, 2014 U.S. App. LEXIS 3876 (6th Cir. Feb. 28, 2014). Petitioner subsequently filed a motion to vacate his sentence under 28 U.S.C. § 2255, asserting that he was denied the effective assistance of counsel. The motion was denied on September 1, 2016. Petitioner sought to appeal, but the Sixth Circuit declined to issue him a certificate

of appealability. *Hudgins v. United States*, No. 17-1191 (6th Cir. Aug. 10, 2017).

## II. Standard of Review

Promptly after the filing of a habeas petition, the Court undertakes preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243; *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss section 2241 petitions). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. See *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). After undertaking such review, the Court concludes that the petition must be dismissed.

## III. Discussion

Petitioner contends that his sentence was erroneously enhanced for being a career offender. Specifically, he argues that he is actually innocent of the career offender enhancement because his prior Michigan narcotic offenses do not count as predicate crimes under *Mathis*.

Aside from a direct appeal, a federal prisoner generally may only challenge his conviction or sentence by means of a motion filed under section 2255. See *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under section 2241 only if it appears that the remedy afforded under section 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999). Section 2241 is not an "additional, alternative, or supplemental remedy" to a motion under section 2255. *Id.*

An assertion that one is "actually innocent" of being a career criminal standing alone is not enough to invoke the Court's jurisdiction under section 2241. See *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012). According to *Hill*, a petitioner may challenge his sentence under section 2241 only where: (1) the petitioner's sentence was imposed pre-*United States v. Booker*, 543 U.S. 220, 233 (2005), when the Sentencing Guidelines were mandatory; (2) the petitioner was foreclosed from asserting the claim in a successive petition under section 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that — as a matter of statutory interpretation — a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F.3d at 599-600.

Petitioner's case meets neither the first nor third of the requirements under *Hill*. First, Petitioner was sentenced on March 12, 2013, under the advisory guidelines, not the pre-*Booker* mandatory guidelines. See Case No. 12-20421, Dkt. 39. Nor can Petitioner satisfy the third requirement. The Supreme Court held that *Mathis* did not announce a new rule. *Mathis*, 136 S. Ct. at 2257. And the Sixth Circuit concluded that *Mathis* does not apply retroactively. *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017). Because *Mathis* does not announce a new rule or apply retroactively, Petitioner cannot rely on *Mathis* to satisfy the third requirement of *Hill*.

Accordingly, Petitioner cannot demonstrate entitlement to section 2241 relief by way of section 2255's savings clause. The petition must therefore be denied.

### IV. Conclusion

The Court **DISMISSES** the Petition for a Writ of Habeas Corpus. Lastly, the Court notes that a Certificate of Appealability is not needed to appeal the dismissal of a habeas

petition filed pursuant to 28 U.S.C. § *2241. Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED**.

Dated: March 8, 2018	<u>S/Victoria A. Roberts</u>
	United States District Judge