UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN HUDGINS,

                          Petitioner,                    Case No. 2:18-cv-10624
                                                                             Hon. Victoria A. Roberts
v.

J.A. TERRIS,

                          Respondent.
_____/

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT (Dkt. 5)**

Federal prisoner Marvin Hudgins, currently confined at the Federal Correctional Institution in Milan, Michigan, brought this action under 28 U.S.C. § 2241. Hudgins was convicted in 2012 in the Eastern District of Michigan of being a felon in possession of a firearm. Because he had three prior Michigan convictions for serious drug offenses, he was sentenced under the ACCA to a mandatory minimum sentence of 180 months. 18 U.S.C. §§ 922(g)(1) and 924(e). Hudgins argued in his petition that he was sentenced under the ACCA in violation of *Mathis v. United States*, 136 S. Ct. 2243 (2016). The Court summarily denied the petition because Petitioner failed to satisfy the requirements of *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016), to show that his remedy under § 2255 was ineffective.

Presently before the Court is Petitioner's motion to alter or amend the judgment on the grounds that two unpublished opinions by the Sixth Circuit hold that *Mathis* can be raised by a federal inmate in a § 2241 proceeding. See *Dowell v. Quintana*, 2017 U.S. App. LEXIS 23409 (6th Cir. Nov. 17, 2017), and *Sutton v. Quintana*, 2017 WL 4677548 (6th Cir. July 12, 2017).

## I. Standard of Review

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment. A court may alter a judgment under Rule 59 based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks omitted)(quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

## II. Discussion

As Petitioner correctly notes, in *Dowell* and *Sutton* the Sixth Circuit permitted *Mathis*-based claims regarding sentencing enhancements because *Mathis* concerned a rule of statutory interpretation that applied retroactively, and it thereby satisfied *Hill's* standard for §2241 challenges to a federal sentence. *Dowell*, 2017 U.S. App. LEXIS 23409, at *2; *Sutton*, 2017 WL 4677548, at *2.

The rationale of those cases does not apply to Petitioner's case. Petitioner's prior convictions were for delivery or manufacture of cocaine in violation of MICH. COMP. LAWS § 333.7401. The sentencing guidelines career-offender enhancement at issue here requires at least two "prior felony convictions of either a crime of violence or a controlled substance offense." The guidelines define "controlled substance offense" as "an offense ... that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The Michigan statute under which Petitioner was convicted provides that "a person shall not manufacture, create, deliver or possess with intent to manufacture,

2

create or deliver a controlled substance, a prescription form, or a counterfeit prescription form."§ 333.7401(1).

Petitioner argues that the Michigan statute sets forth "alternative means" in which the offense may be committed, rather than alternative elements. He concludes that the statute is therefore "indivisible" and broader than the ACCA's definition of "serious drug offense" because it allows for a conviction if a defendant manufactures or creates a prescription form or counterfeit form. See *Mathis,* 136 S.Ct. at 2248-49 (to decide whether a given conviction qualifies as a predicate offense under the sentencing guidelines a court generally uses the "categorical approach").

This argument was rejected by the Sixth Circuit in a published opinion. See *United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017). In *House*, the Sixth Circuit held that the Michigan drug statute is "divisible", and thus the inclusion in the statute of the terms "create," "prescription form," and "counterfeit prescription form" did not make it broader than the federal definition of a serious drug offense. *Id.*, adopting *United States v. Tibbs*, 685 F. App'x 456, 462–63 (6th Cir. 2017).

The definition of "serious drug offense" in 18 U.S.C. § 924(e)(2)(ii) includes any offense under State law involving "manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance," and Petitioner does not contest that fact that he was convicted under this provision of the Michigan statute and not the one concerning the creation or manufacture of prescription or counterfeit prescription forms.

Thus, even if Petitioner may raise a *Mathis* claim in this §2241 proceeding, Petitioner was properly sentenced under the ACCA. Petitioner's motion to alter or amend the judgment is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated: 2/7/19

s/ Victoria A. Roberts
Honorable Victoria A. Roberts
United States District Judge